IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 17, 2018

## DENNIS L. ROSE v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15952     Robert L. Jones, Judge**

————————————————————

### No. M2017-00928-CCA-R3-HC

————————————————————

Following a jury trial in Sullivan County Criminal Court, Petitioner, Dennis L. Rose, was found guilty of first degree murder. The judgment shows that he was given a life sentence in the Tennessee Department of Correction. After his conviction was affirmed on direct appeal, *State v. Dennis Lee Rose*, No. E2010-00734-CCA-R3-CD, 2012 WL 335548 (Tenn. Crim. App. Feb. 1, 2012), *perm. app. denied* (Tenn. May 21, 2012) (designated not for citation), Petitioner's request for post-conviction relief was also denied, and that judgment was also affirmed. *Dennis L. Rose v. State*, No. E2015-00768-CCA-R3-PC, 2016 WL 3215682 (Tenn. Crim. App. June 2, 2016), *perm. app. denied* (Tenn. Oct. 19, 2016). Thereafter, Petitioner initiated this proceeding by filing his petition for habeas corpus relief. The petition was dismissed by the habeas corpus court, and Petitioner appealed. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Dennis L. Rose, Clifton, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Sophia Lee, Senior Counsel; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

### OPINION

Petitioner alleges the following in his petition as the basis justifying habeas corpus relief:

> The trial court lacked the jurisdictional authority to impose a [l]ife sentence with the possibility of parole for the offense of first[ ]degree

murder, because the possibility of parole is not statutorily authorized and therefore renders his judgment void.

The judgment, however, clearly sets punishment at "life," without the surplusage of "with possibility of parole" erroneously stated by the trial court at the time of sentencing. We agree with the habeas corpus court's conclusion that the trial court's misstatement at the time of sentencing did not render the judgment void. The trial court's erroneous statement that Petitioner asserts renders the judgment void is as follows:

> [Petitioner], as to the jury finding you guilty in Count 1 of the indictment to the offense of premeditated first[ ]degree murder, it's the judgment of the Court you are guilty. Court sentences you to life imprisonment with the possibility of parole. . . . So you're sentenced to life with the possibility of parole as to Count 1.

The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Summers*, 212 S.W.3d at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Id.* at 256; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn.1999); *Dykes*, 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is *de novo* with no presumption of correctness given to the findings and conclusions of the lower court. *Summers*, 212 S.W.3d at 255; *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165; T.C.A. § 29-21-107.

Petitioner is absolutely correct that there is **not** a sentence of "life with possibility of parole" statutorily authorized in Tennessee. However, the trial court's erroneous statement at the sentencing hearing does not cause the judgment to be void. In *Christopher A. Williams v. State*, this court noted,

> Although this court has observed that the phrase 'life with parole' is inaccurate because a defendant sentenced to life is entitled to be released, as opposed to being paroled, after serving 100 percent of sixty years less any eligible credits so long as they do not operate to reduce the sentence by more than 15 percent, or nine years, use of this term would not render the judgment void. Consequently, the habeas corpus court did not err by summarily dismissing the petition.

*Christopher A. Williams v. State*, No. W2013-00555-CCA-R3-HC, 2013 WL 5493568, at *2 (Tenn. Crim. App. Sept. 30, 2013), *perm. app. denied* (Tenn. 2013) (internal quotation marks and citation omitted).

In a footnote in its brief, the State makes the following observation:

> The State notes that the judgment form has the "standard 30%" box checked along with the first degree murder box. [citation to record] This defect went unmentioned by the petitioner below and is therefore waived. According to the public website, the TDOC indicates the petitioner is eligible for release in 2066. However, it may be appropriate for the trial court to enter an amended judgment with the correct box labeled "violent 100%" checked. *See Cantrell v. Easterling*, 346 S.W.3d 445, 457-58 (Tenn. 2011).

We leave it to the State to file an appropriate motion in the trial court to have a clerical error corrected, as it is the State's responsibility to prepare the judgments in criminal cases. T.C.A. § 40-35-209(e)(1)(A)-(5).

## CONCLUSION

Petitioner is not entitled to habeas corpus relief. Accordingly, the judgment of the habeas corpus court dismissing the petition is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE